UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IC POWER LTD, KENON HOLDINGS LTD,<br><br>     Plaintiffs,<br><br>  v.<br><br>REPUBLIC OF PERU,<br><br>     Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiffs IC Power Ltd ("**IC Power**") and Kenon Holdings Ltd ("**Kenon**") (together, "**Plaintiffs**"), by and through their undersigned counsel, allege as follows for their Complaint against Defendant Republic of Peru ("**Defendant**" or "**Peru**"):

**I. NATURE OF THE ACTION**

1. This is an action to recognize and enforce an arbitral award (the "**Award**") issued in Plaintiffs' favor and against Peru on October 3, 2023 in ICSID Case No. ARB/19/19.  A true and correct copy of the Award is attached hereto as **Exhibit A**.  The Award in favor of Plaintiffs was issued by an arbitral tribunal (the "**Tribunal**") constituted pursuant to the Free Trade Agreement between Peru and Singapore (the "**Treaty**") in the context of arbitration proceedings (the "**Arbitration**") conducted in accordance with the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "**ICSID Convention**"), 17 U.S.T. 1270, 575 U.N.T.S. 159 (Mar. 18, 1965), and under the auspices and pursuant to the arbitration rules of the International Centre for the Settlement of Investment Disputes ("**ICSID**").  True and correct copies of the Treaty and the ICSID Convention are attached hereto as **Exhibits B and C**, respectively.  Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, Plaintiffs

request that this Court (1) enter an order recognizing the Award in the same manner as a final judgment issued by a court of a state of the United States, (2) enter judgment in Plaintiffs' favor in the amounts and currency denominations embodied in the Award, and (3) grant any other and further relief that the Court may deem appropriate.

## II.   PARTIES

2.   Plaintiff Kenon is a limited company domiciled in Singapore that owns and manages various companies, primarily in the energy sector.  Plaintiff IC Power is a limited company domiciled in Singapore that owned, developed, and operated power facilities in Latin America, the Caribbean, and the Middle East.  IC Power is a wholly-owned subsidiary of Kenon.  Plaintiffs' corporate address is 1 Temasek Avenue #37-02B, Millenia Tower, Singapore 039192.

3.   Defendant Peru is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("**FSIA**"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), 1602-1611.

## III.   JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1330(a) as this case falls under the exception to immunity set forth at 28 U.S.C. § 1605(a)(6) for cases brought against a foreign state to confirm arbitration awards that "[are] or may be governed by a treaty or other international agreement in force in the United States calling for the recognition and enforcement of arbitral awards," and 22 U.S.C. § 1650a.  The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) because Peru has waived its sovereign immunity in this case under 28 U.S.C. § 1605(a)(1) by signing the ICSID Convention.

5.   Personal jurisdiction over Peru is expressly conferred by 28 U.S.C. § 1330(b), which provides that this Court may exercise personal jurisdiction over a foreign state in any action over which it has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), where service of process has been effectuated in accordance with 28 U.S.C. § 1608(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

## IV. FACTS

### A. Summary of the Dispute

7. Plaintiffs are limited companies incorporated and based in Singapore, from where they oversaw and managed their investments around the world. *See* Ex. A ¶ 91. Until 2017, Plaintiffs controlled three Peruvian companies (the "**Peruvian Subsidiaries**") that owned and operated several electric power plants in Peru (the "**Plants**"). *Id*. ¶ 92.[1] Through the Plants, the Peruvian Subsidiaries operated in the Peruvian electricity system, transmitting power through the network and providing certain ancillary services. *Id*. ¶ 93. The parties' dispute arises out of resolutions passed by Peru's mining and energy regulator ("**OSINERGMIN**") that Plaintiffs alleged were inconsistent with Peru's obligations under the Treaty and caused them to incur losses. *Id*. ¶ 165.

8. Specifically, Plaintiffs alleged that shortly after one of the Peruvian Subsidiaries, Kallpa GSA, was awarded the exclusive right via tender process to provide the Firm Base Provision of the secondary frequency regulation ("**SFR**") service, which is a service designed to maintain the frequency of the electric power system, OSINERGMIN implemented a regulatory measure, Resolution No. 141, in June 2016 that unilaterally modified Kallpa GSA's rights under the scheme. *Id*. ¶¶ 141, 347. Plaintiffs argued that the tender award included a guarantee that Kallpa GSA's power plants would be continuously dispatched, but Resolution No. 141 reversed that guarantee in breach of Peru's obligations under the Treaty, causing substantial losses to Plaintiffs. *Id*. ¶¶ 138-39, 167, 325. Plaintiffs further alleged that in May 2017, OSINERGMIN

---

[1] Kenon and IC Power retained their indirect interests in the Peruvian Subsidiaries until November 24, 2017, when they sold those interests to a third party by way of a share and purchase agreement. Pursuant to such agreement, IC Power retained its rights to bring claims in relation to its investment under the Treaty. Ex. A ¶ 96.

implemented another regulatory measure, Resolution No. 164, that fixed a new methodology for calculating transmission line tolls that discriminated in favor of state-owned power generators, including primarily Electroperú, while harming Plaintiffs' Peruvian subsidiaries. *Id*. ¶ 457.

9. Plaintiffs filed a request for arbitration against Peru under the Treaty on June 12, 2019. *Id*. ¶ 10. The Tribunal issued the Award on October 3, 2023, finding that Peru breached the fair and equitable treatment standard as contained in Article 10.5 of the Treaty. As a result of this breach, the Tribunal awarded Petitioners $110.7 million in compensation for damages arising out of Peru's breach of the Treaty, pre- and post-award interest, and costs in the amounts of $4,931,993.58 and $640,684.23. Ex. A ¶ 624.

### B. The Treaty and the Parties' Agreement to Arbitrate

10. Both the relationship and dispute at issue between Plaintiffs and Peru are governed by the Treaty, which was signed on May 29, 2008 and entered into force on August 1, 2009.

11. Article 10.17(3) of the Treaty provides that where a dispute cannot be resolved within six months from the date of a request for consultations and negotiations, "the investor concerned may submit the dispute for settlement to … ICSID for conciliation or arbitration pursuant to Articles 28 or 36 of the ICSID Convention, if both Parties are parties to the ICSID Convention." Ex. B § 10.17(3)(a). Both Singapore and Peru are parties to the ICSID Convention.[2]

12. Article 10.5 of the Treaty sets forth the substantive obligations of each Party to protect the investments of investors of the other Party, and provides that "[e]ach Party shall accord to investments of investors of the other Party treatment in accordance with customary international

---

[2] *See* Database of ICSID Member States, *available at* https://icsid.worldbank.org/en/Pages/about/Database-of-Member-States.aspx.

law minimum standard of treatment of aliens, including fair and equitable treatment and full protection and security." *Id*. § 10.5 (footnote omitted).

13. By signing and ratifying the Treaty, Peru made a binding offer to arbitrate disputes covered by the Treaty. Plaintiffs accepted that offer, resulting in a binding agreement between Plaintiffs and Peru to arbitrate this dispute. In a treaty arbitration, an agreement to arbitrate exists where the State has signed and ratified a treaty containing an arbitration provision and the investor consents to arbitration pursuant to that provision. *See, e.g.*, *Stati v. Republic of Kazakhstan*, 199 F. Supp. 3d 179, 188 (D.D.C. 2016) (finding that proffer of treaty containing arbitration provision, coupled with notice of arbitration, establishes prima facie evidence of arbitration agreement) (citing *Chevron Corp. v. Republic of Ecuador*, 795 F.3d 200, 205 (D.C. Cir. 2015), aff'd, No. 18-7047 (D.C. Cir. 2019) (unpublished)); *see also Cube Infrastructure Fund SICAV v. Kingdom of Spain,* No. 20-CV-1708-EGS-MAU, 2023 WL 2914472, at *9 (D.D.C. Mar. 31, 2023) (noting that plaintiff has made a *prima facie* showing of an arbitration agreement where it produces the award, the treaty, and the notice of arbitration); *9REN Holding S.À.R.L. v. Kingdom of Spain,* No. 19-CV-01871 (TSC), 2023 WL 2016933, at *6 (D.D.C. Feb. 15, 2023) (holding that plaintiff has satisfied its "jurisdictional burden" by producing copies of the underlying treaty, notice of arbitration, and the tribunal's decision (citation omitted)); *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 392 (2d Cir. 2011) ("All that is necessary to form an agreement to arbitrate is for one party to be a . . . signatory and the other to consent to arbitration of an investment dispute in accordance with the Treaty's terms.").

14. Plaintiffs affirmed their consent in writing to ICSID jurisdiction in their Notice of Intent, delivered to Peru in accordance with Article 10.17 of the Treaty. A true and correct copy of the Notice of Intent in the original Spanish, followed by an English translation, is attached hereto

as **Exhibit D**. This agreement was further memorialized in Claimants' Request for Arbitration. A true and correct copy of the Request for Arbitration is attached hereto as **Exhibit E**.

15. Peru gave its consent to the submission of this dispute to ICSID arbitration when it ratified the Treaty. Article 10.17(4) of the Treaty memorializes Singapore's and Peru's consent to arbitration of claims by an investor of a Party against the other Party, and provides that "each Party hereby consents to the submission of a dispute to conciliation or arbitration under paragraphs 3(a) to 3(c) in accordance with the provisions of this Article…." Ex. B § 10.17(4) (footnote omitted).

16. Accordingly, under Article 10.17 of the Treaty, Plaintiffs' Notice of Intent, coupled with Peru's consent set forth in Article 10.17(4), constituted an enforceable agreement to arbitrate within the meaning of Chapter II of the ICSID Convention.

    **C.**    **The Arbitration**

17. On June 12, 2019, Plaintiffs commenced the arbitration by filing and serving a Request for Arbitration on Peru. Ex. A ¶ 10. On June 27, 2019, the Secretary General of ICSID registered the Request for Arbitration in accordance with Article 36 of the ICSID Convention and notified the Parties of the registration. *Id*. ¶ 11.

18. The Arbitration proceeded in accordance with the ICSID Convention and the ICSID Rules, and the place of proceedings was Washington, D.C. *Id*. ¶¶ 2, 33.

19. Selection of the Tribunal was completed on October 30, 2019, and composed of: Professor Luca G. Radicati di Brozolo, a national of Italy and the UK, President, appointed by agreement of the Parties; Mr. David R. Haigh KC, a national of Canada, appointed by Claimants; and Mr. Eduardo Siqueiros T., a national of Mexico, appointed by Respondent. *Id*. ¶¶ 20-21.

20. Peru was represented in the Arbitration by attorneys from the Ministry of Economy and Finance and the law firms Stanimir A. Alexandrov PLLC, Sidley Austin LLP, and Estudio Navarro & Pazos Abogados. *Id*. ¶ 83. Peru participated in the Arbitration, including by submitting

its Counter-Memorial on the Merits and Memorial on Jurisdiction, *id*. ¶ 46, and its Rejoinder on the Merits and Reply on Jurisdiction, *id*. ¶ 54.

21. The Tribunal conducted a hearing on the merits by videoconference from December 13 to 20, 2021. *Id*. ¶ 83.

D. **The Award**

22. The Tribunal issued the Award on October 3, 2023.

23. On jurisdiction, the Tribunal rejected Peru's attempt to invoke the denial of benefits provision in the Treaty, ruling that Plaintiffs had, contrary to Peru's assertion, engaged in substantive business operations in Singapore. *Id*. ¶ 230. The Tribunal also rejected Peru's argument that Kenon's claims were inadmissible because it sold its Peruvian subsidiaries after the underlying dispute had already arisen, holding that there is a general presumption that the right to bring a treaty arbitration claim is not lost with the investor's sale of the investment. *Id*. ¶ 244.

24. On the merits, the Tribunal found that the tender award for the provision of SFR services won by Kallpa GSA "guaranteed the continuous dispatch of the winner of the Tender." *Id*. ¶ 437. Therefore, because Peru's decision to retroactively amend the conditions of the tender was "seriously arbitrary," the Tribunal found that Peru's actions violated Article 10.5 of the Treaty. *Id*. In finding that Peru's actions were seriously arbitrary, the Tribunal noted that Peru "abruptly and shockingly repudiated the legal framework it had itself devised for the provision of SFR services," on which Kallpa GSA relied when submitting its bid. *Id*. ¶ 450. The Tribunal also found that the regulator's true motive had been to avoid the costs of permanently dispatching Kallpa GSA's plants in accordance with the terms of the tender award, and that the regulatory measures were issued in disregard of fundamental procedures of Peruvian law. *Id*. ¶¶ 452-53.

25. The Tribunal dismissed Plaintiffs' second claim, which was based on the regulator's May 2017 measure to adopt a new methodology to calculate certain transmission tolls,

finding that the measure had been based on a justified and reasonable policy designed to correct the shortcomings of the previous methodology. *Id*. ¶ 499.

26. To compensate Plaintiffs for Peru's breach, the Tribunal awarded $110.7 million in damages, with pre- and post-award interest on such damages at a rate equal to Peru's cost of debt at the date of the Award. *Id*. ¶¶ 601-06. The Tribunal also awarded Plaintiffs costs in the amounts of $4,931,993.58 and $640,684.23. *Id*. ¶ 624(vi).

27. On November 10, 2023, Plaintiffs filed a request pursuant to Article 49(2) of the ICSID Convention and Rule 49 of the ICSID Rules for a supplementary decision and/or rectification of the Award ("**Request for Supplementation/Rectification**") in connection with the Tribunal's apparent clerical error or omission of words from its Award defining the components of the calculation of Peru's cost of debt for pre- and post-award interest (in respect of which there was no dispute between the parties in the Arbitration). Plaintiffs' Request for Supplementation/Rectification does not in any way concern the principal amount of the Award; rather, it is a request that the Tribunal ensure that the component inputs of the interest calculation are stated in the Award. Plaintiffs' Request for Supplementation/Rectification remains pending. Based on ICSID's recent public reporting on pending cases, a supplemental decision with respect to interest is to be expected within 2-4 months.[3] Plaintiffs will provide the Court with an update once a supplemental decision is issued by the Tribunal.

V. **CAUSE OF ACTION**

28. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

---

[3] Database of ICSID Pending Cases, *available at* https://icsid.worldbank.org/cases/pending (showing length of rectification and supplementary decision proceedings in 2022 and 2023) (last visited November 13, 2023).

29.     The United States is a party to the ICSID Convention, which establishes a framework for the resolution of investment disputes between a foreign sovereign party to the Convention and a national of another State party to the Convention. Awards issued pursuant to the ICSID Convention are subject to recognition and enforcement in the United States under Article 54 of the ICSID Convention and pursuant to 22 U.S.C. § 1650a.

30.     Peru signed the ICSID Convention on September 4, 1991, and deposited its ratification on August 9, 1993.[4] The ICSID Convention entered into force for Peru on September 8, 1993.[5] Plaintiffs are nationals of Singapore, which became a state party to the ICSID Convention on November 13, 1968.[6]

31.     Article 53(1) of the ICSID Convention provides that an award rendered by an ICSID tribunal "shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention. Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention." Ex. C, Art. 53(1). There is no stay of enforcement currently in place, and a request for a supplementary decision and/or rectification does not constitute a ground that would permit ICSID to stay enforcement.[7] Thus, pursuant to Article 53 of the ICSID Convention, Peru is obligated to abide by and comply with the terms of the Award without any further action by Plaintiffs.

---

[4]   ICSID, *List of Contracting States and Other Signatories of the Convention* (ICSID/3, Oct. 25, 2022), https://icsid.worldbank.org/sites/default/files/ICSID%203/ICSID-3--ENG.pdf, at 4.

[5]   *Id*.

[6]   *Id*.

[7]   Under the ICSID Rules, whereas a party may request a stay enforcement of an award pending a decision on a request for an interpretation, revision, or annulment of an award under Articles 50, 51, and 52, no such request for a stay is permitted in connection with requests for rectification under Article 49(2) of the ICSID Rules.

32. Article 54(1) of the ICSID Convention provides that "[e]ach Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." *Id.*, Art. 54(1).

33. The United States has been a party to the ICSID Convention since October 14, 1966,[8] when the Convention entered into force and Congress enacted enabling legislation in the form of 22 U.S.C. § 1650a, which provides as follows:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

34. The Award was rendered by an arbitral tribunal pursuant to Chapter IV of the ICSID Convention.

35. The Award includes pecuniary obligations in the amount of $110.7 million in damages plus pre- and post-award interest from November 24, 2017 (*i.e.*, the Valuation Date) until the date of payment at a rate equal to Peru's cost of debt at the date of the Award (*i.e.*, October 3, 2023), along with costs in the amounts of $4,931,993.58 and $640,684.23. Peru has not paid any part of this outstanding pecuniary obligation.

36. Pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention, the Award must be recognized, and the pecuniary obligations therein must be enforced "as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a.

---

[8] ICSID, List of Contracting States and Other Signatories of the Convention (ICSID/3, Oct. 25, 2022), https://icsid.worldbank.org/sites/default/files/ICSID%203/ICSID-3--ENG.pdf, at 5.

VI.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter an order and judgment:

a.  Recognizing the Award and enforcing the pecuniary obligations imposed by the Award as if the Award were a final judgment of a court of general jurisdiction of one of the several States;

b.  Entering judgment in Plaintiffs' favor in the amounts specified in the Award, including the principal amount of $110.7 million, costs, and pre- and post-award interest as granted by the Tribunal (and/or rectified or supplemented by ICSID pursuant to the Request for Supplementation/Rectification); and

c.  Awarding such other and further relief as may be proper.

Dated: November 14, 2023
New York, New York

        Respectfully submitted,

        */s/ James E. Berger*
        James E. Berger (D.C. Bar 481408)
        Charlene C. Sun (D.C. Bar 1027854)
        Joshua S. Wan (*pro hac vice forthcoming*)

        DLA Piper LLP (US)
        1251 Avenue of the Americas
        New York, NY 10020
        Tel: (212) 335-4715
        Fax: (212) 335-4501
        James.Berger@us.dlapiper.com
        Charlene.Sun@us.dlapiper.com
        Joshua.Wan@us.dlapiper.com

        *Attorneys for Plaintiffs*